## Archer v. Dorman, Banking and Securities Com'r et al.

(Decided March 6, 1936.)

J. D. HARKINS for appellant.

J. W. HOWARD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

From a judgment dismissing his petition, A. J. Archer has filed here a transcript of the record and moved for an appeal.

## The Facts.

On August 1, 1931, the Bank of Wayland was placed in the hands of the Banking Commissioner of Kentucky, and that officer on August 15, 1931, placed H. D. Fitzpatrick special deputy banking commissioner in charge of its affairs. Fitzpatrick engaged A. J. Archer to do the bookkeeping and agreed to pay him $60 per month for that work. The attorney employed by Mr. Fitzpatrick directed that all notes due the Bank of Wayland be protested if not paid when due. Archer was a notary public. He protested this paper and presented this bill therefor:

184 protests at 50 cents each ...............$ 92.00
Recording 184 protests at 75c each .......... 138.00
643 notices at 25 cents each ................. 160.75

Total ............................... $390.75

There is no dispute about the rendition of the services, and the sums charged are those fixed by the statute (section 1746), but the special deputy banking commissioner who had succeeded Mr. Fitzpatrick refused to pay this bill, whereupon Archer sued with the result stated.

## Our Conclusion.

Since all agree that nothing was said to Archer at the time of his employment about rendering this service, and he has rendered it he should be paid therefor. See 46 C. J. p. 530, sec. 49; Pitsch v. Continental & Commercial National Bank of Chicago, 305 Ill. 265, 137 N. E. 198, 25 A. L. R. 164, 170, cases cited therein and in note following it.

Second National Bank v. Ferguson, 114 Ky. 516, 71 S. W. 429, 24 Ky. Law Rep. 1298, is not authority to the contrary, as it is shown there was in that case an express agreement relative to fees.

Whether an agreement by Archer to make these protests without charge therefor would be valid we need not decide; there was no agreement relative to these fees and the suggested question is not presented.

Our question is simply this: Can a notary public,

who renders notarial services without any understanding regarding pay, collect the statutory fees therefor? The answer is "Yes." The plaintiff was under the evidence entitled to a directed verdict.

Motion for appeal sustained, appeal granted and judgment reversed.

Whole court sitting.